**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:                                                                                                  Chapter 13
                                                                                      Case No.: 19-11002-RAM
**ROWENA JEWEL,**

    Debtor.
_____/

**OBJECTION TO DEBTOR'S SECOND AMENDED PLAN**

    Secured Creditor, **BSI FINANCIAL SERVICES, AS SERVICING AGENT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF BUNGALOW SERIES F TRUST** ("Secured Creditor"), hereby files this Objection to Debtor's Second Amended Plan [D.E. 46], and in support states as follows:

    1.    On January 24, 2019 (the "Petition Date"), the debtor Rowena Jewel filed its Voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

    2.    On January 25, 2019, the Court entered the Notice of Filing of Chapter 13 Case and Notice to Debtor of Deadline(s) to Correct Filing Deficiencies [D.E. 7] (the "Notice of Deficiency"). Per the Notice of Deficiency, the Debtor was directed to correct all of the filing deficiencies by February 7, 2019.

    3.    On May 17, 2019, the Debtor filed her Second Amended Plan [D.E.46]

    4.    Secured Creditor asserts that the proposed Plan in this instant case is a mere mirror image of the eight Amended Chapter 13 plan [D.E.79] previously filed by the Debtor in the Prior Bankruptcy, Case 17-16723, which the Debtor failed to maintain current with the Trustee and which ultimately led to dismissal.

5. Secured Creditor asserts that the Debtor's current Amended Schedule I denotes additional "*other monthly income*" in the amount of $1,720.00 and cites a "Support Affidavit" as the source of said additional income. However, to date, the Debtor has not filed a copy of a Support Affidavit with the Court nor presented to Secured Creditor a copy of the Support Affidavit nor provided any proof of any source of any of the additional "*other monthly income*" as reflected in Amended Schedule I.

6. In the absence of any documentary proof in support of any change in the Debtor's financial circumstances, Secured Creditor does not believe that the Debtor can now afford to maintain proposed plan payments which the Debtor previously failed to maintain current.

7. On May 21, 2019, Secured Creditor timely filed a proof of claim [POC#4] reflecting a total secured claim amount is $714,953.42 and the pre-petition arrearage amount is $321,059.24.

8. As per the filed Proof of Claim, the Escrow requirement is $1,181.00 per month, therefore, Secured Creditor objects to the Second Amended Plan and the monthly MMM payment in the amount of $900.00

9. Secured Creditor asserts that the Plan does not propose to cure any pre-petition arrearage to Secured Creditor when in fact the approximate estimated amount of the pre-petition arrearage due to Secured Creditor are $321,059.24. Therefore, the Plan is not in compliance with the requirements of 11 U.S.C. §§ 1322(b)(3) and 1325(a)(5) and cannot be confirmed. Secured Creditor objects to any plan which proposes to pay it anything less than $321,059.24 as the pre-petition arrearage over the life of the plan.

10. Creditor retains the right to inquire further into the Debtor's eligibility for loss mitigation options.

11. Additionally, the Order for Motion for Referral to Mortgage Mediation Modification was entered on April 4, 2019 and to date, Secured Creditor has not received the DMM Portal Assignment nor a financial package from Debtor.

12. If mediation is conducted in this case and no agreement is reached between the parties, Secured Creditor's claim should be paid in full or the property surrendered to Secured Creditor and the automatic stay terminated in rem with respect to the collateral real property.

13. Secured Creditor reserves the right to supplement or amend this Objection to Confirmation if necessary.

   **WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court sustain its Objection to Confirmation, deny confirmation of the Debtor's Second Amended Chapter 13 plan, and for any such other relief that the Court deems just and proper.

**Dated this 24th day of June, 2019.**

          Respectfully submitted,

          **GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
3050 Biscayne Blvd. - Suite 402
Miami, Florida 33137
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

By:   /s/ Chase A. Berger
      Chase A. Berger, Esq.
      Florida Bar No. 083794
      cberger@ghidottiberger.com

*Case No.: 19-11002-RAM*

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

By:    /s/ Chase A. Berger
        Chase A. Berger, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 24th, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Debtor*
**Rowena Jewel**
20421 NW 10th Ave
Miami, FL 33169

*Debtor's Counsel*
**James A. Poe, Esq.**
9500 S. Dadeland Blvd #610
Miami, FL 33156

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130

*Trustee*
**Nancy K. Neidich**
P.O. Box 279806
Miramar, FL 33027

By:    /s/ Chase A. Berger
        Chase A. Berger, Esq.